IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| E.L. ARCHIE PAYER, et al., | Civil No. 12-1704 (RMB/JS) |
| Plaintiffs, | |
| v. | **OPINION** |
| A.J. BERRONES, et al., | |
| Defendants. | |

Appearances:

Howard A. Gutman, Esquire
230 Route 206, Suite 307
Flanders, New Jersey 07836
    Attorney for Plaintiff

Thomas W. Hartman, Esquire
56 Ellisen Road
Wacthung, New Jersey 07069
    Attorney for Defendants A.J. Berrones,
    A.J. Berrones and Associates, and Benjamin Penfield

Keith Doss
380 Reilly Road
Merced, California 95341
    Pro Se Defendant

B. John Pendleton, Jr.
DLA Piper LLP (US)
300 Campus Drive, Suite 100
Florham Park, New Jersey 07932
    Attorney for Defendant Estrategia Investimentos, S.A.,
    And Estrategia Investimentos, LLC, Sindhu Bhaskar, and
    Pablo Antoniazzi

1

Timothy Podolske
9425 North 49th Street, #203
Brown Deer, Wisconsin 53223
    Pro Se Defendant

**BUMB,** United States District Judge:

    Plaintiffs E.L. Archie Payer ("Payer") and Sino American Technology, Inc. (collectively the "Plaintiffs") were the victims of a significant fraudulent scheme. Plaintiffs were duped into paying $275,000 for what turned out to be a worthless letter of credit. Plaintiffs have brought the current action against Defendants A.J. Berrones, A.J. Berrones & Associates, LLC ("Berrones & Associates")(these two Defendants referred to as the "Berrones Defendants") , Keith Doss, Benjamin Penfield, Estrategia Investimentos, LLC ("Estrategia"), Estrategia, LLC, Estrategia Investimentos S.A. (these three Defendants referred to as the "Estrategia Defendants"), Metropolitan Financial Holdings, LTD., also or formerly known as Metropolitan Bancorp Ltd. ("Metropolitan"), Goldie Dickey, Timothy Gates, Timothy Podolske, Dr. Sindhu Ratna, and Pablo Antoniazzi.

    The Estrategia Defendants and the Berrones Defendants have moved to dismiss Plaintiffs' Second Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Estrategia Defendants have also moved

2

to dismiss Plaintiffs' various causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

I. **THE PARTIES**[2]

Plaintiff Payer is a senior citizen residing in New Jersey. Second Amended Complaint, Docket No. 59 ("Compl."), ¶5. Payer owns Sino American Technology. Id. ¶14. Defendants A.J. Berrones, Doss, and Penfield were affiliated with Defendant Berrones & Associates, a Delaware company. See Pl. Opp. Br. ¶¶5-9. Defendant Metropolitan was a client of Estrategia, a company located in Buenos Aires and Coral Gables, Florida. Pl. Opp. Br. ¶¶14, 18. Antoniazzi is the owner and President of Estrategia. Compl. p. 4. Defendants Dickey, Timothy Gates, and Podolske were employed by Metropolitan. Pl. Opp. Br. p. 24. Sindhu, who was improperly pled, see infra, was employed by Estrategia. Compl. ¶18.

II. **BACKGROUND**

In early 2010, Defendant Doss initiated contact with Payer. Compl. ¶23. Doss sent/received at least ten e-mails to/from

---

[1] Defendant Doss filed a "Reply Brief" in Support of a Motion to Dismiss. [Docket No. 87]. Doss, however, has not filed a formal motion. This Court, therefore, does not address Doss' arguments.

[2] A description of the parties is taken from both the Amended Complaint ("Compl.") [Docket No. 59] and Plaintiff's Brief in Opposition to the within motions. ("Pl. Opp. Br."). Although the Court recognizes that a party may not amend its pleadings through briefs, the Court has relied upon Plaintiffs' brief to help it understand, where possible, the Plaintiffs' allegations.

Payer during the period February 2010 to June 2010. Compl. ¶27. The initial calls were to cultivate a personal relationship. Id. During later discussions, A.J. Berrones and Dickey of Metropolitan were also on the telephone calls. Id. During these discussions, Defendants Doss, A.J. Berrones, and Dickey told Payer "that if he provided $275,000, a document would be issued with a face value of 100 million dollars of which a substantial part, 66 million dollars could be used by Payer. Id. During these discussions, Doss brought up Estrategia and presented it "as a well-known, well-regarded international banking institution" which provided funding to small businesses. Id. Doss and A. J. Berrones referred Plaintiff to Estrategia's website if he had any questions. Id., p. 14. Payer attempted to verify the information these defendants had told to him prior to proceeding further with the transaction by reviewing Estrategia's website. Compl. ¶20.

On November 24, 2010, A.J. Berrones called Plaintiff and asked that the funds, namely the $275,000, be sent. Two days later, Payer wire transferred the money to A.J. Berrones. Payer then received a Letter of Credit dated November 24, 2010, bearing Estrategia's name (the "Letter of Credit"). The Letter of Credit read:

> MR. ANDRE PESENTI, DIRECTOR. WE NEED TO DELIVER OUR
> AUTHENTICATED MESSAGE FOR YOUR ACCOUNT HOLDER. SBLC NUMBER:
> ESTRSLC101190. BENEFICIARY – BACKSTAGE ASSETS MANAGEMENT AG.

4

```
REF: CANADA FOUNDATION/DR. W. TAO. CLIENT ID: 401 506 51. IBAN
NO: CH850825 3000 0153 88059 USD. CUSTODY ACCOUNT: 800925 42.
AMOUNT - TWO HUNDRED MILLION USDOLLARS.
ISSUED- NOVEMBER 24, 2010.
MATURITY- DECEMBER 24, 2011.
TRANSACTION CODE: IDI-20M-11-1410-001.
WE SHALL BE THANKFUL TO YOU FOR THE ACCEPTANCE OF OUR RMA
REQUEST ASAP.  OUR SYSTEM HAS BEEN ACTIVATED FOR YOU.  THIS IS
OUR REQUEST -REMINDER.

REGARDS ESTRATEGIA INVESTIMENTOS S.A.
```

Compl. ¶23.[3]

Plaintiff attempted to use and present the Letter of Credit but it was "useless and worthless." Compl. ¶28. As alleged in the Complaint, Plaintiff soon realized that a fraud had been perpetrated upon him. Having received inadequate responses from Defendant Doss and others, Plaintiff reached out to Sindhu Bhaskar, improperly pled as Defendant Sindhu Ratna, of Estrategia, via e-mail on January 22, 2011.[4] Declaration of Dr. Sindhu R.K. Bhaskar ("Bhaskar Declaration"), Docket No. 27-5. Bhaskar, who did not know who Payer was, forwarded the e-mail to Dickey. Dickey responded: "I don't know this character . . .

---

[3] Although the Complaint confusingly refers to three letters of credit, Compl. ¶14, it appears that only one is at issue.

[4] Plaintiff alleges in his Complaint that Estrategia forwarded an e-mail to him. There are no facts, either pled or submitted in opposition to the within motion, to support this assertion. First, Plaintiffs do not identify who sent the e-mail. Second, the e-mail itself is not directed to Plaintiffs, but another bank.

5

however I know that he's with the LLB deal that we sent to them.
. . . " Id. Ex. B.[5]

During this time, and after the Letter of Credit had issued, Defendant A.J. Berrones sent an e-mail to Payer instructing him not to contact other persons or parties during the transaction, even "instructing all parties . . . associated with A.J. Berrones and Associates to cease dealings with [Payer]" because Payer had contacted "[their] banker without authorization." Compl.¶32.  Defendants Penfield and Dickey from Metropolitan received a copy of this e-mail.  Simultaneously, Defendant Doss continued to communicate with Plaintiff Payer and reassure him that everything was proceeding according to plan. On January 12, 2011, Doss wrote an e-mail saying "we are expecting a valid written response from the bank." Compl. ¶35. Further, on February 4, 2011, Doss wrote that they were "currently working on getting procedures for [letters of credit] from ours Banks in Europe." Compl. ¶37.  These types of communications continued from Doss through March 18, 2011.

---

[5] Plaintiffs attach as Exhibit 1 to Pl. Opp. Br. a "chart of Sindhu and Estrategia's various stories about why the letter of credit was not honored."

Compl. ¶¶38-39.[6] Payer eventually realized that he had been the victim of a fraudulent scheme. This lawsuit followed.

III. **ANALYSIS**

The Court first turns to the two motions to dismiss for lack of personal jurisdiction.

A. Personal Jurisdiction

1. Standard

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir.2004) (citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir.1981)). Consistent with due process, personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–415, n. 8 & 9 (1984).

General jurisdiction is found where a defendant has "continuous and systematic" contacts with the state. Heliocopteras, 466 U.S. at 414-15. Specific jurisdiction, in

---

[6] The Complaint also alleges that in February 2011, Doss, Berrones and Penfield also attempted to have Payer invest in a scheme involving oil and commodities.

contrast, is present where: (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of the contacts; and (3) the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. 496 F.3d at 317. This "purposeful availment" requirement assures that the defendant could reasonably anticipate being hauled into court in a forum and is not subject to personal jurisdiction in a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475.

In considering a defendant's contacts, the actions of a defendant's agent may be attributed to the defendant for personal jurisdiction purposes. Seltzer v. IC. Optics, Ltd., I.C., 339 F. Supp. 2d 601, 609-12 (D.N.J. 2004). In addition, while jurisdiction over an employee does not automatically flow from jurisdiction over the employer, an individual's contacts with the forum, made in a corporate capacity, may be credited in the jurisdictional analysis, where those contacts support individual liability. Gerald Chamales Corp. v. Oki Data Americas, Inc., 557 F. Supp. 2d 494, 504 (D.N.J. 2008); See also Wellness Publishing v. Barefoot, 128 F. Appx. 266, 269 n.2 (3d Cir. 2005)(indicating that, on remand, the District Court should

look to Educational Testing Servs. v . Katzman, 631 F. Supp. 550 556-59 (D.N.J. 1986)(holding that individual actions taken in corporate capacity could be considered in jurisdictional analysis) in determining whether the individual defendants were "not subject to personal jurisdiction because the relevant contacts were established in their roles as corporate officers"). And, under New Jersey law, "a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort." Route 27, LLC v. Getty Petroleum Marketing, Inc., No. 10-3080, 2011 WL 1256618, at *7 (D.N.J. Mar. 30, 2011).

A party may move for dismissal of an action based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). To meet this burden, a plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." Id. This Court may consider affidavits and declarations. See Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). In sum, in order to survive a Rule

12(b)(2) motion to dismiss, Plaintiffs "need only establish a prima facie case of personal jurisdiction," and are "entitled to have [their properly pled] allegations taken as true and all factual disputes drawn in [their] favor." Arlandson v. Hartz Mountain Corp., 792 F. Supp. 2d 691, 697-98 (D.N.J. 2011).

    a. Estrategia Defendants

The Estrategia Defendants argue that they have no contacts with New Jersey. Estrategia S.A. has no offices in New Jersey. See Declaration of Pablo Antoniazzi ("Antoniazzi Decl."), ¶¶5, 10. Bhaskar Decl., ¶¶5, 10. Neither Antoniazzi or Bhaskar do any business in New Jersey or reside in New Jersey. Id. ¶¶4, 10. None of the Estrategia Defendants own any property or bank accounts in New Jersey. Id., ¶11. In short, Plaintiffs have not presented any evidence to establish that general jurisdiction exists.

Turning to specific jurisdiction over Antoniazzi or Bhaskar, Plaintiffs have not alleged any personal contacts in the State of New Jersey.[7] The evidence presented to this Court is that Antoniazzi has never had any communications with

---

[7] The allegations relating to a purported fraud in Florida are not relevant here. Moreover, Payer's assertion that Sindhu ("Bhaskar") solicited [him] for an additional payment by e-mail," [Docket No. 82], is belied by the very document he relies upon. It was Payer who sent the e-mail to Sindhu (Bhaskar) apparently to show Sindhu that he, Payer, had been solicited for more money.

10

Plaintiff at all.  Antoniazzi Decl., ¶13.  Although on January 22, 2011, Plaintiff e-mailed Bhaskar about the Letter of Credit, Bhaskar did not solicit or expect this communication from Plaintiff.  Id., ¶15.  Because Bhaskar did not solicit these communications and they do not give rise to Plaintiffs' purported causes of action, see Marten V. Godwin, 499 F.3d at 290, personal jurisdiction cannot be inferred.

Likewise, Plaintiffs have failed to demonstrate that specific jurisdiction over the corporate Estrategia Defendants is proper.  First, the evidence presented is that Estrategia S.A., a Brazilian bank located in Brazil, issued the Letter of Credit to Metropolitan, a New Zealand corporation, in favor of Backstage Assets, a Swiss company, not Payer.  Antoniazzi Decl. ¶¶8, 9; Bhaskar Decl., ¶¶8, 9.  Moreover, the issuance of a letter of credit by a non-resident bank, such as Estrategia, payable on presentation at an out-of-state forum is insufficient to establish personal jurisdiction over the non-resident bank even when the beneficiary of the letter of credit is a resident.  See Empire Abrasive Equipment v. H.H. Watson, Inc., 567 F.2d 554 (3d Cir. 1977); U.S. Material Supply, Inc. v. Korea Exchange Bank, 417 F.Supp.2d 652 (D.N.J. 2006).  Nonetheless, as noted, the beneficiary of the Letter of Credit was a company in Switzerland, not Payer or anyone or any entity in New Jersey.  Plaintiffs have presented no evidence, just bald, conclusory

11

and unsupported allegations, that Estrategia reached out to him in connection with the Letter of Credit.

Moreover, Plaintiffs argue that Estrategia and Metropolitan have an agency relationship and, therefore, jurisdiction is proper. Estrategia contends that Plaintiffs incorrectly equate client with agent, and that Plaintiffs have failed to properly plead an agency relationship. The Court agrees with Defendants. Here, an agent may only bind his principal for acts that are within his actual or apparent authority. New Jersey Lawyers' Fund v. Stewart Title Guaranty Co., 203 N.J. 208 (2010). "Actual authority occurs 'when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.'" Id. (quoting RESTATEMENT (THIRD) OF AGENCY § 2.01).

The doctrine of apparent authority provides that a principal is liable for the acts of the agent even if the agent did not have actual authority because "the actions of [the] principal . . . somehow misle[d] the public into believing that . . . the authority exist[ed]." Basil v. Wolf, 193 N.J. 38 (N.J. 2007). The principal must do or say something to place the agent in a situation such that a person of ordinary prudence conversant in the particular business is justified in presuming

that the agent has authority to do the act in question. Id. In other words, apparent authority is determined by the principal's conduct, not the agent's conduct. Id.

Thus, at the pleading stage, plaintiffs must plead sufficient facts to establish that the agency relationship existed. A plaintiff may not conclusorily assert that a party was another party's agent without sufficient factual allegations. See TBI Unlimited, LLC v. Clearcut Lawn Decisions, LLC, 2013 U.S. Dist. LEXIS 41206, *10 (D.N.J. 2013). See also Mayflower Transit, LLC v. Prince, 314 F. Supp. 2d 362, 374 (D.N.J. 2004)(doctrine of apparent authority requires that the principal have misled the plaintiff into believing that a "relationship of authority" exists); Seltzer v. I.C. Optics, Ltd., 339 F. Supp. 2d 601, 609 (D.N.J. 2004)(sufficient pleading of agency required facts about control and consent to support allegations of an agency relationship between subsidiary and parent corporations). The fact that Estrategia refers to Metropolitan as a client in communications that are not directed to Plaintiffs does not establish a showing of an agency relationship. Second, Plaintiffs allege no facts that Estrategia could have led Plaintiffs to believe that Metropolitan was its agent. Although the Complaint is replete with allegations that Estrategia and Metropolitan acted

together, these allegations are mere conclusions and do not support a claim of an agency relationship.

Accordingly, for the reasons set forth above, the Court grants the Estrategia Defendants' motion to dismiss for lack of personal jurisdiction.[8]

b. <u>Berrones Defendants</u>

Defendants Penfield, A.J. Berrones, and Berrones & Associates all argue that there is no general jurisdiction over them. They have provided declarations that they have no offices in New Jersey, have not conducted business in New Jersey, and do not reside in New Jersey. See Declarations of A.J. Berrones and Penfield [Docket Nos. 76-3 and 76-2] ("Berrones Decl." and "Penfield Decl." respectively). Plaintiffs have not provided sufficient evidence to defeat these arguments.

As to specific jurisdiction, the Court finds that there is a basis for personal jurisdiction as to these Defendants. Plaintiffs have sufficiently pled (and produced supporting documents) that A.J. Berrones was in direct communication with Payer. See, e.g., Pl. Opp. Br., Exs. 7,8. See also Declaration of Archie Payer in Opposition to Defendants' Motion to Dismiss ("Payer Decl."), page 3 (referring to e-mails from A.J. Berrones).

---

[8] The Court need not address the Estrategia Defendants' alternative motion to dismiss for failure to state a claim.

As for Defendant Penfield, Payer alleges that Penfield "acted as an advisor to [him], 'telling [him that Estrategia was a safe security and that Berrones could be trusted].'" Payer Decl., page 4; Compl. ¶11. Payer cites to an early e-mail, dated November 18, 2010, in which Penfield was copied. Indeed, even Penfield's Declaration is narrowly worded, "I have never had any contractual relationship with Plaintiffs." Penfield Decl. ¶5. Notably, Penfield does not deny his contacts with Payer. These above contacts are sufficient to establish specific jurisdiction at this stage of the proceedings. As for Defendant A.J. Berrones, he personally solicited Payer and assured him of the security of the transaction.[9] Indeed, A.J. Berrones admits that he had contact with Payer. See Berrones Decl. ¶7.

Defendant A.J. Berrones argues, however, that he deserves the benefit of the limited liability company he formed and owns. [Def. Opp. Br. 76-1]. In other words, A.J. Berrones argues that because his contacts with Payer were only through his association with Berrones & Associates, personal jurisdiction over him is lacking. Defendant is mistaken. Plaintiff has alleged, and Defendant has not disputed, a unity of interest between A.J. Berrones, the individual, and A.J. Berrones & Associates, the limited liability company. In short, Plaintiff

---

[9] Although Defendants dispute these allegations, Plaintiff Payer has submitted sufficient evidence at this juncture which this Court must credit.

has sufficiently alleged that Berrones & Associates was merely a sham by which A.J. Berrones committed his fraud. The Complaint alleges that A.J. Berrones hid behind the company to perpetrate the fraud. In order to pierce the corporate veil, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." The Mall at IV Group Properties, LLC v. Roberts, No. 02-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005)(quotation omitted). Here, if Plaintiffs were only permitted to assert a claim against Berrones & Associates, an injustice would result. The Amended Complaint is replete with specific factual allegations describing A.J. Berrones' fraudulent conduct. Indeed, as discussed above, A.J. Berrones held himself out to Payer as the individual responsible for the conduct of Berrones & Associates. In light of this, A.J. Berrones cannot now hide behind that corporate structure.

Finally, contrary to its argument, Defendant Berrones & Associates availed itself of the New Jersey forum through the contacts of A.J. Berrones, and its alleged agent, Doss. These were not inconsequential contacts, as Defendant argues. Indeed, A.J. Berrones was aware that Defendant Doss was representing himself as an associate of Defendant Berrones & Associates.

Moreover, the individual A.J. Berrones does not contend that he did not have the authority to act for the company defendant. Indeed, it appears from the Complaint he did, and Plaintiff Payer was justified in presuming that A.J. Berrones had the company's authority.

Accordingly, the Court denies the Berrones Defendants' Motion.

## IV. CONCLUSION

For the above reasons, the Motion to Dismiss for Lack of Peronsal Jurisdiction is GRANTED as to the Estrategia Defendants and DENIED as to the Berrones Defendants. Defendant A.J. Berrones' motion to dismiss all claims against him individually is DENIED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: October 23, 2013