Thomas W. Hartmann
Brigadier General, USAFR, Retired
The Hartmann Law Firm LLC
56 Ellisen Road, Watchung, NJ 07069
Tom.Hartmann@gmail.com
908 769 6888 (office); 203 451 6919 (mobile)

December 18, 2013

Honorable Renee Marie Bumb
United States District Court for
 the District of New Jersey
Mitchell H. Cohen Building
 & U.S. Courthouse
4th & Cooper Streets, Rm 1050
Camden, NJ 08101

Re:  *E.L. Archie Payer V. A.J. Berrones, et al*; Civil Action No. 1:12-cv-01704-RMB-JS; Request for Authority to File Motion to Dismiss for Failure to Join Indispensable Parties as well as Motion to Dismiss for Failure to State a Claim

Dear Judge Bumb:

Five days ago, the Berrones Defendants respectfully requested permission to file a Motion to Dismiss for Failure to Join Indispensable Parties under Federal Rules of Civil Procedure 12(b)(7) and 19.  In that letter, we noted that the truly central actors in the allegations Plaintiffs have set forth have either been dismissed by Court action (finding of lack of personal jurisdiction as to the Estrategia Defendants), dismissed by Plaintiffs (Metropolitan Financial Holdings, Ltd and Goldie Dickey three weeks after the filing of the complaint) or ignored by Plaintiffs (Timothy Gates).

On December 11, 2013, Plaintiffs claimed to this Court on the record that they are going to file a new action in Florida, presumably where the Estrategia Defendants are active and present.  Earlier this morning, apparently in response to the concerns raised in our letter of December 13, 2013, Plaintiffs suddenly dismissed this action against Timothy Gates without prejudice.

Thus, Plaintiffs have filed a 31-page, single-spaced complaint against 13 parties, making countless allegations against the combined and undistinguished "defendants," voluntarily dismissing three of these defendants and losing five others by court action.    To be clear, Plaintiffs have initiated the dismissal of the two of the three key actors in the drama they have written.  This draws into even sharper focus the issues of equity and good conscience that we raised in our December 13, 2013 letter.

While the Berrones Defendants challenged this Court's jurisdiction over them, they are bound by the ruling of this Court that personal jurisdiction exists.  In that context, though, equity and good conscience require that this case and this Court deal with all the allegations Plaintiffs have made, rather than allow Plaintiffs to trickle their litigation out when and where they want.

If there is jurisdiction over the Berrones Defendants – and only two other individual defendants, Mr. Doss and Mr. Podolske -- not only should the Court revisit the issue of indispensable parties, but the Court should assess whether the Amended Complaint (2), with its barebones parties and expansive allegations against all "defendants," states claims for which relief can be granted.

The Amended Complaint (2) is replete with allegations as to the activities of the combined, undifferentiated "defendants."  There are at least 57 references to the collective wrongs of the "defendants."  When the allegations in the Amended Complaint (2) were made, those combined "defendants" included 13 named parties, 11 of whom were still in the case.  Now, the five Estrategia Defendants have been dismissed and Mr. Gates has been let go.

Because fewer than 60% of the "defendants" whose misconduct is alleged in the Amended Complaint (2) are even in the case, the complaint as drafted makes no sense and should be dismissed.  For example, the Amended Complaint (2) devotes many pages to the allegedly improper actions of the various Estrategia Defendants, Metropolitan Financial Holdings, Goldie Dickey, and Tim Gate separately and in concert.  These can only confuse issues and improperly flow onto the few remaining defendants. This is in addition to the more general issues we raised in our first Motion to Dismiss for Failure to State a Claim, as well as the Rule 12(b)(6) motion of the Estrategia Defendants (on which the Court did not rule in light of ruling on lack of jurisdiction).

While the Court ruled that it has no personal jurisdiction over the Estrategia Defendants and denied the motion for reconsideration, this, too, impacts the considerations of equity and good conscience.  Entirely absent from the Court's Opinion or any filing by Plaintiffs was an analysis of the matter of national jurisdiction under RICO, which should have kept all the named parties in the RICO litigation, particularly after jurisdiction was found as to one party.

Section 1965(b) of RICO provides that process may be served "in any judicial district of the United States," when required by the ends of justice.  Section 1965(d) allows process to be served "in any judicial district in which such person resides, is found, has an agent, or transacts his affairs."  Accordingly, courts have approved nationwide service of process under both RICO sections.

The relevant legislative history of the RICO statute states that "subsection (b) [of 18 U.S.C. Section 1965] provides nationwide service of process on parties, if the ends of justice require it," and that the "broad provisions [of Section 1965] are required by the nationwide nature of the activity of organized crime in its infiltration efforts." *S. Rep. No*. 91-617, at 161.  Thus, "Congress intended [Section 1965(b)] to enable plaintiffs to bring all members of a nationwide

RICO conspiracy before a single court in a single trial." Therefore, "[w]hen a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the interests of justice." *Cory v. Aztec Steel Building, Inc.*, 468 F. 3d 1226, 1231 (10th Cir. 2006); *Butchers Union Local No. 498 v. SDC Inv., Inc.*, 788 F. 2d 535, 539 (9th Cir. 1986); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998); *City of New York v. Cyco.Net.*, 383 F. Supp. 2d 526, 541-42 (S.D.N.Y. 2005).

Some courts have taken an even broader view of personal jurisdiction under Section 1965(b), holding that RICO's nationwide service of process provisions confer personal jurisdiction over a defendant in any judicial district, so long as the defendants have minimum contacts with the United States. *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668 (7th Cir. 1987).

A similar line of cases holds that where "nationwide service of process is authorized," as under Section 1965(d) of RICO, the plaintiff need not establish that each defendant has contacts with the forum state. Rather, "the plaintiff's prima facie burden is met by showing that a defendant has contacts with the United States. Minimum contacts with the forum state, as required under the traditional long- arm jurisdiction analysis, is not necessary. A defendant's contacts with the United States is sufficient to satisfy the requirements of due process." *Dooley v. United Technologies Corp*, 786 F. Supp. 65, 71 (D.D.C. 1992); *Boon Partnership*, 917 F. Supp. at 397;

To our knowledge, the Third Circuit has not precisely addressed the RICO statute's authorization of nationwide service of process. However, the Third Circuit has dealt with the very similar nationwide service provisions of the Clayton Act, 15 U.S.C. Section 22. In the case of *In Re Automotive Refinishing Paint Antitrust*, 358 F.3d 288, 297-299 (3d Cir. 2004), the court wrote: "We hold that personal jurisdiction in federal antitrust litigation is assessed on the basis of a defendant's aggregate contacts with the United States as a whole. …Personal jurisdiction therein is not limited to the defendant's contacts with a particular federal judicial district or the forum state. We hold further that personal jurisdiction under Section 12 of the Clayton Act [allowing nationwide service of process] is as broad as the limits of due process under the Fifth Amendment." *See also*, *Pinker v. Roche Holdings Ltd*., 292 F. 3d 361, 369-370 (3d Cir. 2002).

Whether this Court follows the one-defendant minimum contacts test of *Cory* or *Lisak* under Section 1965(b), the Section 1965(d) analysis of *Dooley* or the nationwide, aggregate contacts test of *Automotive Refinishing,* it is clear that equity, good conscience and the ends of justice require either that all parties in this litigation be joined in one forum or that the case be dismissed.

While it is possible that the Berrones Defendants could seek to become third party plaintiffs and seek to re-join all the lost defendants on the RICO claim, this is an option of last resort that does not properly support the principles of equity or good conscience or enhance the ends of justice -- when Plaintiff has voluntarily dismissed or seen the Court dismiss more than 60% of the named defendants, and Plaintiffs have not even touched upon the nationwide personal

jurisdiction lines of cases noted in this letter.  In short, the Berrones Defendants should not be forced to procedurally build a case Plaintiffs failed to build.

Based on the above, the Berrones Defendants renew their request to file a motion to dismiss for failure to name indispensable parties under Rules 12(b)(7) and 19.  The Berrones Defendants further seek leave to file a motion to dismiss for failure to state a claim for which relief may be granted under Rule 12(b)(6) as over 60% of the originally and globally charged "defendants" are not in the case.

Also, as a matter of judicial economy, while these matters are pending, we ask the Court to stay the Amended Scheduling Order of December 12, 2013 with regard to discovery.


Respectfully submitted,


Thomas W. Hartmann

Cc:  Mr. Gutman and Other Parties via e-filing
      Mr. Podolske via U.S. Mail