[Docket Nos. 128 and 145]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

E.L. ARCHIE PAYER, et al.,

             Plaintiffs,

    v.

A.J. BERRONES, et al.,

             Defendants.

Civil No. 12-1704 (RMB/JS)

**MEMORANDUM ORDER**

      This matter comes before the Court upon two motions: 1) a motion by the Defendants A.J. Berrones, A.J. Berrones and Associates, LLC, and Benjamin Penfield, [Docket No. 128] (the Berrones Defendants), to dismiss the "Amended Complaint (2)" [Docket No. 59], for failure to join indispensable parties under Federal Rule of Civil Procedure 19 and to dismiss pursuant to Rule 12(c)[1], and 2) Defendant Eric Keith Doss's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted, [Docket No. 145].

      This Court notes that the above-captioned matter has been consistently plagued by poorly drafted pleadings.  This Court

---

[1] Per this Court's prior Order [Docket No. 140], this Court found that the motion should be treated as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

previously found that Plaintiffs' First Amended Complaint failed to state a claim and dismissed said complaint without prejudice [see Docket No. 56].  Plaintiff then filed what was titled "Amended Complaint 2," which is voluminous, opaque and often meandering.  It is, in other words, the antithesis of the requirements of Federal Rule of Civil Procedure 8, which, generally, requires a "short plain statement of the grounds for relief."  Plaintiffs' RICO[2] Statement is similarly problematic as it consistently refers this Court back to the Amended Complaint (2) instead of making clear, in a concise fashion, the precise factual basis of Plaintiffs' RICO allegations.

Based on the allegations in the Amended Complaint (2), this Court dismissed Estrategia Investimentos, LLC, Estrategia, LLC, and Estrategia Investimentos S.A., (the "Estrategia Defendants") from this matter for lack of personal jurisdiction pursuant to the Estrategia Defendants' motion [Docket No. 102].  In that same Opinion, this Court found that it did have personal jurisdiction over the Berrones Defendants.  This Court's Opinion dealt with a jurisdictional analysis only, as presented by the parties in their papers, and did not opine on whether Plaintiffs' Amended Complaint (2) passed muster under Rule 12. Moreover, it is important to note that the Estrategia Defendants

---

[2] Referring to the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

did <u>not</u> present this Court with any arguments regarding jurisdiction under the RICO statute, specifically 18 U.S.C. 1965(b) and (d), perhaps because the Plaintiffs presented only a two sentence argument in favor of RICO jurisdiction in their opposition brief, stating that such an issue was merely "academic" because there were other grounds for jurisdiction over each Defendant. [Docket No. 84 at 16].

Per the currently pending motions, however, it appears that this issue is not academic, but rather fundamental to the question of personal jurisdiction over several Defendants, including Estrategia.  Therefore, this Court must determine whether it should reconsider the decision to dismiss the Estrategia Defendants for lack of personal jurisdiction based on these new arguments regarding RICO-based jurisdiction.  <u>See</u> <u>Peters v. David</u>, No. 07-2210, 2013 U.S. Dist. LEXIS 132106, at *6-7 (D.N.J. Sept. 16, 2013)("A court may reconsider its prior decisions (accounting for the law-of-the case doctrine) so long as it explains the reasoning behind its decision and takes the appropriate steps to ensure that the parties are not prejudiced by reliance on its prior ruling.").  For that reason, this Court shall Order the Estrategia Defendants to address this issue as set forth below.

Moreover, from the instant submissions, it appears that the confusion that has plagued this matter persists as to other

issues.  For example, Plaintiffs incorrectly assert that in its
prior Opinion [Docket No. 102], this Court found that
Plaintiffs' fraud claims were sufficient under Rules 12(b) and
12(c).  This is a total misstatement.  This Court's prior
Opinion resolved jurisdictional questions only and made no
factual findings as to the sufficiency of Plaintiffs' pleading
under Rule 12.  Thus, Plaintiffs' assertion in the pending
opposition brief [Docket No. 148], that arguments made by the
Defendants regarding the sufficiency of Plaintiffs' pleadings
are somehow barred by either the law of the case doctrine or
collateral estoppel is totally unfounded.  The Court's
statements that Plaintiffs were "victims of a significant
fraudulent scheme" and were "duped into paying $275,000 for what
turned out to be a worthless letter of credit" are mere
summaries of Plaintiffs' allegations and in no way a finding
that any fraud was perpetrated by any specific Defendant.

Plaintiffs similarly misstate that this Court "denied
Doss's motions or joinder" in their argument that Doss's pending
motion is untimely.  [Docket No. 151 at 3].  Instead, this Court
merely noted that it would not address Doss's arguments filed in
an improper brief. [Docket No. 102, n.1].  At the time, Doss
was appearing pro se and filed his brief objecting to
jurisdiction on April 1, 2013 (mere days after the deadline
established in Docket No. 66).  To the extent Plaintiffs argue

that Doss waived the ability to challenge personal jurisdiction, the Court rejects those arguments; Doss properly asserted the objection.  See Ferrostaal, Inc. v. M/V Sea Phoenix, No., 03-164, 2005 U.S. Dist. LEXIS 37987 (D.N.J. Sept. 29, 2005).

In the wake of the arguments currently pending before this Court regarding necessary parties under Rule 19 and personal jurisdiction, it is clear that this Court must resolve the issue of RICO jurisdiction on a fully briefed record before it can or should address the other arguments of the parties; the existence of RICO jurisdiction would moot Mr. Doss's jurisdictional arguments and bring the Estrategia Defendants back into this matter.

Furthermore, Plaintiffs' contention that their RICO claim should only be "addressed on a full record and after adequate discovery" is unfounded;[3] Plaintiffs have an obligation to adequately plead facts satisfying the elements of all of their claims.  The confusion surrounding Plaintiffs' RICO claim is underscored by the fact that both pending motions move to

---

[3] See e.g., In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 369-70 (3d Cir. 2010)("it is clear after Twombly that a RICO claim must plead facts plausibly implying the existence of an enterprise with the structural attributes identified in Boyle [v. United States, 129 S. Ct. 2237]: a shared "purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.")(emphasis added).

dismiss that claim on the exact same grounds.[4]   The sufficiency of Plaintiffs' pleading is clearly another issue that must be resolved as to <u>all</u> counts asserted.

Before this Court can resolve these outstanding issues, it must seek clarification on several points and additional arguments by the parties, to be presented in a concise and coherent fashion.

ACCORDINGLY, IT IS on this **25th day** of **August, 2014**,

ORDERED that the parties, including the Estrategia Defendants, shall appear for oral argument before this Court on September 17, 2014 at 2:30 p.m. in Courtroom 3D; and it is further

ORDERED that those parties must be prepared to present arguments to this Court regarding personal jurisdiction under RICO; and it is further

ORDERED that Plaintiffs be prepared to address both jurisdiction under RICO and the sufficiency of all Counts of the Amended Complaint (2); and it is further

ORDERED that the currently pending motions [Docket Nos. 128 and 145] are ADMINISTATIVELY TERMINATED pending oral argument

---

[4] It did not go unnoticed by this Court that Doss's brief [Docket No. 145] from pages 10-14 is a near <u>verbatim</u> recitation of the brief submitted by the Berrones Defendants [Docket No. 128 p. 12-17].

and further briefing as ordered by the Court following that oral

argument.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge