[Doc. No. 238]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| E.L. ARCHIE PAYER,<br><br>              Plaintiff,<br><br>   v.<br><br>A.J. BERRONES, et al.,<br><br>              Defendants. | Civil No. 12-1704 (RMB/JS) |

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO COMPEL PERFORMANCE OF SETTLEMENT AND FOR OTHER RELIEF**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B).[1] This matter is before the Court on plaintiff's "Motion to Compel Performance of Settlement and for Other Relief" [Doc. No. 238]. The Court received the response of defendants A.J. Berrones, A.J. Berrones and Associates, and Benjamin Penfield [Doc. No. 244] (hereinafter referred to collectively as the "defendants"). The Court received plaintiff's reply [Doc. No. 245] and recently held oral

---

[1] The Court is issuing a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) in light of the dispositive nature of the proposed order. See Brown v. Collect It, LLC, C.A. No. 13-2452 (JBS/AMD), 2014 WL 3889205, at *2 (D.N.J. Aug. 7, 2014) (noting the dispositive nature of a motion to enforce a settlement agreement); Saber v. FinanceAmerica Credit Corp., 843 F.2d 697, 702-03 (3d Cir. 1988) (holding that an order to enforce a settlement agreement, which concerns the remedy of specific performance, is "dispositive of the substantive rights of the parties"). Accordingly, this Report and Recommendation is subject to *de novo* review. Fed. R. Civ. P. 72.

1

argument. Plaintiff argues the Court should enforce the terms of an alleged settlement the parties agreed to on November 17, 2014. Defendants argue the settlement should not be enforced because the parties did not agree upon the essential settlement terms.

The parties are obviously familiar with the tortured background of this litigation which will not be set forth in detail. The instant motion arises out of the parties' apparent settlement on November 17, 2104.

On November 17, 2014, the Court scheduled oral argument on Mr. Hartmann's "Motion to Withdraw as Attorney" [Doc. No. 197]. Mr. Hartmann represents defendants. Mr. Hartmann appeared in-person and plaintiff's counsel, Mr. Gutman, appeared by phone. Prior to ruling on Mr. Hartmann's motion the Court explored with counsel whether plaintiff and defendants could settle. After consulting with their clients via phone counsel advised the Court they agreed to settle. Thereafter, the terms of the settlement were placed on the record. See Nov. 7, 2014 Tr. [Doc. No. 246].

As set forth by Mr. Gutman, "[t]he amount of settlement is $80,000 to be paid within 60 days. If payment is not made for some reason, the matter would not be deemed . . . settled[.]" Tr. 4:17-19. Immediately after Mr. Gutman's statement, Mr. Hartmann made the following statement:

2

> Your Honor, there would have to be a full and general release of all the parties, and the break-out of the $80,000 is $20,000 for each of the individuals, so $20,000 for A.J. Berrones and $20,000 for Benjamin Penfield, and $40,000 for A.J. Berrones and Associates.

Tr. 5:11-15. Thereafter, Mr. Gutman stated as follows:

> THE COURT: Is [that] all right with you Mr. Gutman and Mr. Payer?
>
> MR. GUTMAN: That's fine, Judge, again, with the understanding that the entire payment needs to be made, you know, before the matter [is] to be dismissed against those defendants.

Tr. 5:19-24.

Subsequent to November 17, 2014, the parties disagreed on the settlement terms. Defendants take the position that they are entitled to a release and dismissal after each defendant pays its share of the $80,000. In other words, defendants argue that if, for example, A.J. Berrones pays his $20,000, then he is entitled to be released and dismissed even if the other defendants do not pay their settlement share. Plaintiff disagrees. Plaintiff argues that he did not agree to dismiss any defendant until the entire $80,000 was paid. To date, no settlement money has been paid. The Court held oral argument on this motion on March 23, 2015. Counsel appeared in-person and with leave of Court California residents Messrs. Berrones and Penfield appeared by phone. Each counsel reiterated their understanding of the settlement terms. Messrs. Berrones and

Penfield were adamant that they did not agree to be responsible to pay any settlement share but their own.

Discussion

The construction and enforcement of settlement agreements is governed by principles of New Jersey contract law. Plymouth Mutual Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co. of Chicago, 378 F.2d 389, 391 (3d Cir. 1967); Pacific Alliance Grp. Ltd. v. Pure Energy Corp., C.A. No. 02-4216 (DRD), 2006 WL 166470, at *2 (D.N.J. Jan. 23, 2006). Under New Jersey law a settlement agreement between parties to a lawsuit is a contract separate and independent from the underlying dispute. Plymouth Alliance Grp., at *2 (citation omitted). "The burden is on the moving party [in this case plaintiff] to establish that the parties entered into a contract of settlement." LNT Merch. Co. v. Dyson, Inc., C.A. No. 08-2883 (SRC), 2009 WL 2169236, at *2 (D.N.J. July 21, 2009) (citing Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 475 (App. Div. 1997)); United States v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997).

New Jersey public policy favors settlements of litigation. See Nolan by Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). However, notwithstanding the policy favoring settlements, "[a] settlement stipulation should not be enforced 'where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars,

4

or the stipulated agreement is incomplete in some of its material and essential terms.'" <u>McDonnell v. Engine Distributors</u>, C.A. No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007) (quoting <u>Bistricer v. Bistricer</u>, 231 N.J. Super. 143, 147 (Ch. Div. 1987)).

In order to have an enforceable settlement or contract there "must be a 'meeting of the minds' for each material term to an agreement." <u>Pacific Alliance Grp. Ltd. v. Pure Energy Corp.</u>, C.A No. 02-4216 (DRD), 2006 WL 166470, at *3 (D.N.J. Jan. 23, 2006) (citing <u>Sampson v. Pierson</u>, 140 N.J. Eq. 524 (N.J. Ch. 1947)). "A meeting of the minds occurs when there has been a common understanding and mutual assent of all the terms of a contract." <u>Knight v. New England Mut. Life Ins. Co.</u>, 220 N.J. Super. 560, 565 (App. Div. 1987) (citation omitted). The meeting of the minds requirement is an essential element to the valid formation of all contracts. <u>Am. Furniture Mfg. Inc. v. Value Furniture & Mattress Warehouse</u>, C.A. No. 2995-86, 2009 WL 88922, at *2 (N.J. Super. Ct. App. Div. Nov. 18, 2008). Where the parties do not agree to one or more essential terms, courts generally hold that an agreement is unenforceable. <u>Weichert Co. Realtors v. Ryan</u>, 128 N.J. 427, 435 (1992).

Objective manifestations of intent are controlling when determining if there was a meeting of the minds. See <u>Brawer v. Brawer</u>, 329 N.J. Super. 273, 283 (App. Div. 2000) ("A

5

contracting party is bound by the apparent intention he or she outwardly manifests to the other party. It is immaterial that he or she has a different, secret intention from that outwardly manifested."); Leitner v. Braen, 51 N.J. Super. 31, 38 (App. Div.1958) ("The phrase, 'meeting of the minds,' can properly mean only the agreement reached by the parties as expressed, i.e., their manifested intention, not one secret or undisclosed, which may be wholly at variance with the former."). "Where there is a misunderstanding between the parties pertaining to one of the material terms of an agreement, there is no meeting of the minds, and therefore no contract." Pacific Alliance Grp., 2006 WL 166470, at * 3; see also D.R. by M.R. v. East Brunswick Bd. of Educ., 838 F. Supp. 184, 191-92 (D.N.J. 1993) ("[A] contract cannot be made when there has been no common understanding and mutual assent to the terms of a contract."); Big M, Inc. v. Dryden Advisory Grp., C.A. No. 08-3567 (KSH), 2009 WL 1905106, at * 22 (D.N.J. Jun. 30, 2009) (finding no meeting of the minds where the parties did not attach the same meaning to a contract term).

The Court rules that plaintiff's motion should be denied because the parties did not reach a meeting of the minds as to a material settlement term. The record plainly shows that the parties did not have a common understanding and did not mutually assent to perhaps the most important term of their agreement.

Although the parties agreed that the total amount of the settlement was $80,000, they disagreed as to the three (3) settling defendants' responsibility for payment. Plaintiff in effect argues that each settling defendant is jointly and severally liable to pay $80,000. Therefore, according to plaintiff, unless the full $80,000 is paid no settling defendant may be released and dismissed. On the other hand, defendants' position is that each settling defendant is only liable for its individual share. Therefore, according to defendants, if one of the settling defendants pays its allocated share that defendant should be released and dismissed. The positions of plaintiff and defendants are logical. It made little sense for plaintiff to settle with less than all of the defendants because otherwise plaintiff's case against some of the Berrones defendants would continue. Plaintiff was incentivized to settle to avoid this work. Similarly, Berrones did not want to be responsible to pay Penfield's share and vice versa. Further, these parties did not want not be responsible for the share of A.J. Berrones and Associates.

It is obvious that how much each settling defendant is liable to pay is a material settlement term. This is buttressed by the fact that plaintiff and defendants represented at oral argument that they would not have entered into the settlement if their payment position was not agreed to by the other side. The

7

transcript of the November 17, 2014 statement on the record does not clearly favor one side or the other. Although regrettable, since the parties did not reach a meeting of the minds on a material settlement term the Court respectively recommends that plaintiff's motion to enforce a settlement and request for fees be denied.

Conclusion

For all the foregoing reasons, it is hereby respectively recommended this 9th day of April, 2015, that plaintiff's "Motion to Compel Performance of Settlement and for Other Relief" be DENIED. Pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(a)(2), the parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file objections with the Clerk of the Court.

                                    s/Joel Schneider
                                    JOEL SCHNEIDER
                                    United States Magistrate Judge